IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| THOMAS SAVAGE, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | 2:05-CV-00777-F |
| W. R. COLLINS, et al., | ) ) ) | |
| Respondents. | ) | |

## ORDER

The petition filed in this case was initiated on the form provided to prisoners for the filing of an action pursuant to 28 U.S.C. § 2254. In this pleading, Thomas Savage ["Savage"], an inmate, challenges the constitutionality of disciplinary actions taken against him during his confinement in the Montgomery City Jail. Savage is presently confined on a pending criminal charge of second degree assault. The Eleventh Circuit has determined that state prisoners held in "pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only." *Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003), *cert. denied* ___ U.S. ___, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004); *Thomas v. Crosby*, 371 F.3d 782, 786 (11th Cir. 2004). The court therefore concludes that the instant application for habeas relief falls solely within the parameters of 28 U.S.C. § 2241 and should be construed as a petition for habeas corpus relief filed in accordance with such statute. Accordingly, it is hereby

ORDERED that this petition henceforth be construed as a petition for habeas corpus relief filed under 28 U.S.C. § 2241.

Done this 22nd day of August, 2005.

/s/ **Delores R. Boyd**
 DELORES R. BOYD
 UNITED STATES MAGISTRATE JUDGE