IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS SAVAGE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:05-CV-777-F |
| | ) WO |
| | ) |
| W. R. COLLINS, *et al.*, | ) |
| | ) |
| Respondents. | ) |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

This cause is before the court on a 28 U.S.C. § 2241 petition for habeas corpus relief filed by Thomas Savage ["Savage"], a state pre-trial detainee, on August 11, 2005.[1] In this petition, Savage contends that the respondents violated his constitutional rights during disciplinary proceedings initiated against him at the Montgomery City Jail for using abusive language and fighting.[2] The disciplinary actions about which Savage complains occurred on August 1, 2005 and July 5, 2005. *Petition for Habeas Corpus Relief* at 1. Jail officials

---

[1] The Clerk stamped the present petition "filed" in this court on August 15, 2005. However, the petitioner certified that he executed the petition on August 11, 2005. Thus, this is the earliest date Savage could have deposited the petition in the institution's mail system for mailing to this court. The law is well settled that a pro se inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Savage] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing and for purposes of proceedings herein, the court considers August 11, 2005 as the date of filing.

[2] Although Savage likewise appears to challenge the conditions of confinement in the Montgomery City Jail, these claims are not properly before this court in an action for habeas corpus relief. *See Preiser v. Rodriguez*, 411 U.S. 475, 488-490 (1973). A 42 U.S.C. § 1983 action would serve as the appropriate mechanism in which to raise claims relating to conditions of confinement. However, the court notes that inmate Savage is a frequent litigant in the federal courts of this state who has run afoul of the "three strikes" provision of 28 U.S.C. § 1915(g). Thus, Savage cannot bring a civil action in this court or any other federal court without prepayment of the $250 filing fee, unless he is "under imminent danger of serious physical injury" at the time the complaint is filed.

imposed terms in segregation of three and seven days respectively as punishment for the aforementioned disciplinary infractions. *Id*. The plaintiff seeks an order from this court requiring that he be allowed to "enjoy the privileges of the Governorship of the State of Alabama." *Id*. at 18. Despite the relief sought by Savage, the only relief available in this federal habeas action would be an order requiring his release from segregation.

## DISCUSSION

It is clear from a review of the petition that Savage had completed the imposed terms of segregation before he filed the instant petition. "Where . . . a prisoner has completed an imposed term of . . . segregation before he files his petition, . . . the 'petition [is] moot when filed and cannot be revived by collateral consequences.' *McCollum v. Miller*, 695 F.2d, 1044, 1048 (7th Cir. 1982)." *Medberry v. Crosby*, 351 F.3d 1049, 1053 (11th Cir. 2003), *cert. denied* ___ U.S. ___, 124 S.Ct. 2098, 158 L.Ed.2d 714 (2004). "'Striking at the very heart of federal subject matter jurisdiction, a mootness issue quite clearly can be raised *sua sponte* . . .' *Sannon v. United States*, 631 F.2d 1247, 1250 (5th Cir. 1980) (internal footnote and citation omitted)." *Medberry*, 351 F.3d at 1054 n.3. Accordingly, the court concludes that Savage's "petition was moot when filed" and is therefore subject to summary dismissal "as moot." *Id.* at 1053-1054.

## CONCLUSION

For the foregoing reasons, it is the RECOMMENDATION of the Magistrate Judge that the petition for writ of habeas corpus relief be dismissed as moot and this case be

2

dismissed with prejudice.

It is further

ORDERED that on or before September 1, 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 22nd day of August, 2005.

    **/s/ Delores R. Boyd**
    DELORES R. BOYD
    UNITED STATES MAGISTRATE JUDGE